UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEVEN SLATER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-128-TLS-MGG |
| WILLIAM HYATTE, et al., | |
| Defendants. | |

## OPINION AND ORDER

Steven Slater, a prisoner without a lawyer, filed a Complaint. ECF No. 1. As required by 28 U.S.C. § 1915A, the Court must screen the Complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). Because Slater is proceeding without counsel, the Court must give his allegations liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Slater, who is currently incarcerated at the New Castle Correctional Facility, complains about events that happened in the fall of 2021 at the Miami Correctional Facility. On October 30, 2021, Slater was scheduled to move from one cell to another. Sgt. John Doe informed Slater that his move would be delayed due to a "possible cell extraction" of his new cell mate. ECF No. 1 at

2. A short time later, Sgt. Doe told him "everything was fine" and that he should proceed. Slater asked Sgt. Doe if his new cell mate "was suicidal or had mental health issues." *Id*. Sgt. Doe said he did not, and Slater moved into the new cell that day. *Id*.

On November 6, 2021, Slater woke to find his cell mate beating him with a metal cane. *Id*. He was able to press the emergency call button and was taken by stretcher to the medical center. *Id*. He was left with bruises on his head, neck and back as well as injuries to his right arm and left hand. *Id*. Slater blames the defendants for the altercation because they "ignore[ed] his cell mate[']s known mental health issues and behavior(s) leading up to the attack from which inference could be drawn that a risk to this plaintiff and serious harm existed." *Id*. at 3. He claims his cell mate was "known to be aggressive and violent." *Id*. He has sued Warden William Hyatte, Correctional Officer John Doe, and Sgt. John Doe for monetary damages.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id*. at 833. That said, not every such violent altercation violates the Constitution. *Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023). "Rather, only deliberate indifference to an inmate's wellbeing is actionable: a prison official is liable for failing to protect an inmate from another prisoner only if the official knows of and disregards an excessive risk to inmate health or safety." *Id*. (cleaned up). Accordingly, when an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[A] complaint that

identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). "[P]risons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008).

In the context of failure to protect cases, the Seventh Circuit has equated "substantial risk" to risks so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005); *see Thomas v. Dart*, 39 F.4th 835, 843 (7th Cir. 2022) (quoting *Brown* and noting that a "bare 'increased risk' [associated with mental health issues] does not necessarily correlate to a 'substantial risk'"). Rather, "a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). "Exercising poor judgment . . . falls short of meeting the standard of consciously disregarding a known risk to [a prisoner's] safety." *Lewis v. Richards*, 107 F.3d 549, 554 (7th Cir. 1997).

As an initial matter, Slater does not describe any actions by either Correctional Officer Doe or Warden Hyatte. He does not allege they were aware of his new placement or that they were in any way involved in the events that led to his beating. While he claims vaguely that they ignored his cell mate's "known mental health issues and behavior(s)," this is not enough to state a plausible claim. *See e.g., Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."); *George v. Smith*,

507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."); *see also Bissessur*, 581 F.3d at 602 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (cleaned up)).

As to Sgt. John Doe, even assuming he knew Slater's new cell mate was suicidal, aggressive, and/or had some sort of unspecified mental health issues, this does not state a plausible Eighth Amendment claim. Slater does not allege Sgt. Doe was aware of a specific threat towards Slater himself, that a substantial risk of an attack on him—or anyone else for that matter—was imminent, or even that inmates *like* Slater were somehow in jeopardy of being targeted by his cell mate. He claims Sgt. Doe ignored "behaviors" from which a risk could be inferred, but he does not elaborate on those behaviors or provide any context for how they might relate to his situation. General aggressiveness and vague mental health issues standing alone are not necessarily indicative of an excessive risk of danger. Simply put, Slater has not plausibly alleged Sgt. Doe disregarded a substantial risk to his safety when he was placed in the new cell. *See e.g., Hunter*, 73 F.4th at 565; *Thomas*, 39 F.4th at 843; *Klebanowski*, 540 F.3d at 639–40. "[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Slater has not done so here.

The Complaint does not state a claim for which relief can be granted. If Slater believes he can state a claim based on (and consistent with) the events described in his Complaint, he can choose to file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would

4

not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form.

For these reasons, the Court:

(1) GRANTS Steven Slater until **December 26, 2023**, to file an amended complaint; and

(2) CAUTIONS Steven Slater if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current Complaint does not state a claim for which relief can be granted.

SO ORDERED on November 28, 2023.

                                              s/ Theresa L. Springmann
                                              JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT