UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEVEN SLATER, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM HYATTE, et al., <br><br> Defendants. | CAUSE NO.: 3:23-CV-128-TLS-MGG |

**OPINION AND ORDER**

Steven Slater, a prisoner without a lawyer, filed an amended complaint [ECF No. 18] because the Court determined his original complaint failed to state any plausible claims. *See* ECF No. 14. As required by 28 U.S.C. § 1915A, the Court must screen the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bissessur v. Ind. Univ. Bd. of Trs*., 581 F.3d 599, 602 (7th Cir. 2009). Because Slater is proceeding without counsel, the Court must give his allegations liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Slater, who is currently incarcerated at the New Castle Correctional Facility, complains about events that happened in the fall of 2021 at the Miami Correctional Facility. ECF No. 18 at 1. On October 30, 2021, Slater was scheduled to move from one cell to another. *Id*. at 2. He

"voiced concerns about his personal safety" to Sergeant John Doe and Correctional Officer John Doe before the move. *Id*. Sergeant Doe informed Slater that his move would be delayed due to the "possible need for cell extraction" of his new cell mate. *Id*. at 3. A short time later, Sergeant Doe assured Slater his new cell mate had "calmed down," even though both he and Officer Doe knew the new cell mate was "prone to reckless behavior and suicidal action." *Id*.

The next day, his potential cell mate was seen by psychiatry. *Id*. Later, he "took off from correctional staff" requiring him to be handcuffed. *Id*. In the week leading up to their placement together, the inmate threw several razor blades he had been using to cut himself out of his cell onto the hallway floor. *Id*. This behavior was reported to Officer Doe. *Id*.

On November 6, 2021, Slater was sleeping in his newly assigned bunk with the aforementioned inmate, when he was woken up being beaten by his new cell mate with Slater's own medically prescribed cane. *Id*. at 2. Slater sustained bruises on his head, neck and back, as well as injuries to his right arm and left hand. *Id*. at 5. Slater blames the defendants for the altercation because they knew of the inmate's "reckless & suicidal behaviors." *Id*. He has sued Warden William Hyatte, Correctional Officer John Doe, Sergeant John Doe, and Incarcerated Individual John Doe for monetary damages. *Id*. at 4.

"In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id*. at 833. That said, not every such violent altercation violates the Constitution. *Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir.

2023). "Rather, only deliberate indifference to an inmate's wellbeing is actionable: a prison official is liable for failing to protect an inmate from another prisoner only if the official knows of and disregards an excessive risk to inmate health or safety." *Id.* (cleaned up). Accordingly, when an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). "[P]risons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008).

In the context of failure to protect cases, the Seventh Circuit has equated "substantial risk to risks so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005); *see also Thomas v. Dart*, 39 F.4th 835, 843 (7th Cir. 2022) (quoting *Brown* and noting that a "bare 'increased risk' [associated with mental health issues] does not necessarily correlate to a 'substantial risk'"). Rather, "a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). "Exercising poor judgment .

. . falls short of meeting the standard of consciously disregarding a known risk to his safety." *Lewis v. Richards*, 107 F.3d 549, 554 (7th Cir. 1997).

As an initial matter, Slater has not stated a viable claim against Incarcerated Individual John Doe, a private individual. *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) ("The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." (cleaned up)). As for Warden Hyatte, Slater claims he is "directly and/or indirectly responsible for the actions of his officers" because he "would have been briefed of all incidents that take place at his facility." ECF No. 18 at 5. However, supervisor liability is not enough to state a claim. *See, e.g.*, *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) and *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (both noting that liability under 42 U.S.C. § 1983 is based on personal responsibility and that prison officials cannot be held liable for damages only because they hold supervisory positions). Thus, Slater has not stated a claim against Warden Hyatte either.

As to Sergeant John Doe and Correctional Officer John Doe, at most Slater has alleged they were aware his cell mate was generally "reckless" and prone to suicidal ideation. The examples he lists—being extracted from his cell, running away from staff members, and throwing razor blades into the hallway—do not support the contention the officers were deliberately indifferent to any sort of "specific, credible, and imminent risk of serious harm" facing Slater or even that inmates *like* Slater were somehow in jeopardy from his cell mate. *Gevas*, 798 F.3d at 481. This is especially true as Slater admits the inmate was assessed by psychiatric medical professionals shorty before the cell assignment was approved. General aggressiveness and vague mental health issues are not necessarily indicative of an excessive risk of danger. Simply put, Slater has not adequately alleged the officers disregarded a substantial

4

risk to his safety when he was placed in the new cell. *See e.g.*, *Hunter*, 73 F.4th at 565; *Thomas*, 39 F.4th at 843; *Klebanowski*, 540 F.3d at 639–40. "[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Slater has not done so here, despite being given an opportunity to amend his complaint to clarify his claims.

For these reasons, the Court hereby DISMISSES the amended complaint pursuant to 28 U.S.C. § 1915A because it does not state any claims for which relief can be granted. The Court DIRECTS the Clerk of Court to close this case.

SO ORDERED on March 19, 2024.

                                      s/ Theresa L. Springmann
                                      JUDGE THERESA L. SPRINGMANN
                                      UNITED STATES DISTRICT COURT